CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

2018 FEB 16  AM 9: 02

DEPUTY CLERK

| | | |
|---|---|---|
| SUSAN LISA ALLISON, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | No. 1:16-CV-0170-BL |
| | § | |
| NANCY A. BERRYHILL,[1] | § | |
| **Acting Commissioner of Social Security,** | § | |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION

Pursuant to 42 U. S. C. § 405(g), Plaintiff/Claimant seeks judicial review of a decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[2] *See* Compl. (doc. 1). The Commissioner has filed an answer, *see* Def.'s Answer (doc. 8), and a certified copy of the transcript of the administrative proceedings, *see* SSA Admin. R. [hereinafter "R."] (doc. 10), including the hearing before the Administrative Law Judge ("ALJ"). The parties have briefed the issues. *See* Pl.'s Mem. (doc. 13); Def.'s Br. (doc. 14); Pl.'s Reply (doc. 15). The United States District Judge referred the case to the undersigned pursuant to 28 U.S.C. § 636 and the parties have not consented to proceed before a United States Magistrate Judge. After considering the pleadings, briefs, and administrative record, the undersigned recommends that the Court reverse the Commissioner's decision and remand this case for further administrative proceedings.

---

[1]On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), the Court automatically substitutes her as the named defendant.

[2]Title II governs disability insurance benefits. *See* 42 U.S.C. §§ 401-34. The Court will often refer to Plaintiff as Claimant, a designation used in social security cases.

## I.    BACKGROUND

Plaintiff filed an application for DIB in April 2014, alleging a July 13, 2013 onset of disability. R. 143-44. She identified various conditions that limit her ability to work: (1) back problems; (2) arthritis; (3) migraines; (4) headaches; (5) shoulder problems; (6) thyroid disorder; (7) fibromyalgia; and (8) chronic pain. R. 170. As calculated by the ALJ, her date of last insured ("DLI") is December 31, 2018. *See* R. 38. Therefore, the most relevant time period for her application and the Court's review commenced in July 2013 and continues through December 2018.

The Commissioner denied the application initially and on reconsideration. *See* R. 74-75. On December 15, 2014, Administrative Law Judge ("ALJ") William H. Helsper held a hearing on Plaintiff's claim. *See* R. 49-65. On March 17, 2015, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled and was capable of performing work that existed in significant numbers in the national economy. R. 36-45. Applying the sequential, five-step analysis set out in the regulations (20 C.F.R. § 404.1520(a)(4))[3] the ALJ first determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. R. 38. The ALJ next determined that Plaintiff suffers from the following severe impairments: degenerative disc disease, arthritis, and right shoulder tendinitis with a supraspinatus tear. R. 38-39. Third, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of any impairment in the listings.[4] R. 39-40.

---

[3]In March 2017, the Social Security Administration amended many regulations. However, the pertinent version for this case is the one in effect when the ALJ issued his decision. *See Young v. Berryhill*, No. 16-20786, 2017 WL 2312859, at *2 n.3 (5th Cir. May 26, 2017) (per curiam). Except to bring attention to the effective date of an amended provision, this recommendation will cite to the applicable version without parenthetical year information.

[4]Section 404.1525 explains the purpose and use of the listings of impairments.

The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC")[5] to perform a limited range of light work as defined in 20 C.F.R. § 404.1567(b).[6]  R. 40-44.  The ALJ found that Plaintiff could lift/carry ten pounds frequently and twenty pounds occasionally, while noting that a job may fall into this category "when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  R. 40.  The ALJ also found that Plaintiff "cannot perform any overhead reaching with her dominant upper extremity and can perform no repetitive hand movements with the dominant hand, such as keyboarding."  Id.

Based upon the RFC determination and testimony from a vocational expert ("VE") about the exertional demands and skill requirements of Plaintiff's prior jobs, the ALJ concluded that Plaintiff could not perform her past relevant work.  R. 44.  Considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could perform jobs that exist in significant

---

[5]Section 404.1545(a)(1) explains that a claimant's RFC "is the most [he or she] can still do despite [his or her] limitations."  When a case proceeds before an ALJ, it is the ALJ's sole responsibility to assess the claimant's RFC.  20 C.F.R. § 404.1546(c).  However, that assessment must be "based on all of the relevant medical and other evidence" of record.  Id. § 404.1545(a)(3).

[6]The regulations address physical exertion requirements and explain:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).  In general, light work "requires being on one's feet" for six hours of an eight-hour workday while "[s]itting may occur intermittently during the remaining time."  Titles II and XVI:  Determining Capability to Do Other Work – the Medical-Vocational Rules of Appendix 2, SSR 83-10 (PPS-101), 1983 WL 31251, at *5-6 (S.S.A. 1983).

3

numbers in the national economy. R. 44-45. Relying on relevant social security rulings (SSRs 83-12 and 83-14) and the Medical-Vocational Guidelines ("Grids") contained in Appendix 2 of the regulations, 20 C.F.R. Part 404, Subpt. P, the ALJ found Plaintiff to be "not disabled" at Step 5 of the evaluative sequence. *Id.* The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act between July 13, 2013, and the date of the ALJ's decision. R. 45.

The Appeals Council received and considered an attorney brief (Ex. 14E) and various medical records (Exs. 8F, 9F, 10F, and 11F)[7] when it denied review on July 29, 2016. *See* R. 1-6. It also "looked at records from West Texas Rehabilitation Center dated December 9, 2015 to December 21, 2015," but found this new information is for a period of time after the ALJ's decision and thus "does not affect the decision about whether you were disabled beginning on or before March 17, 2015." R. 2. The Appeals Council informed Plaintiff that if she wants the agency "to consider whether you were disabled after March 17, 2015," she needs to apply again and the new information that he submitted would be available in her electronic file for use in her "new claim." *Id.* The ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (stating that the Commissioner's final decision "includes the Appeals Council's denial of [a claimant's] request for review").

Plaintiff commenced this social security appeal on September 19, 2016. *See* Compl. She presents multiple issues for review. *See* Pl.'s Br. at 5.

---

[7]Exhibit 8F referenced a different individual and was thus replaced in the administrative record. *See* R. 789-803. The other exhibits provide more than six hundred pages of records from the VAMC Big Spring. See R. 804-1439.

4

## II.    LEGAL STANDARD

In general,[8] a person is disabled within the meaning of the Social Security Act, when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."    42 U.S.C. § 423(d)(1)(A). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002) (citing 20 C.F.R. § 404.1572(a)-(b)). To evaluate a disability claim, the Commissioner employs the previously mentioned

> five-step sequential analysis to determine whether (1) the claimant is presently work-
> ing; (2) the claimant has a severe impairment; (3) the impairment meets or equals an
> impairment listed in appendix 1 of the social security regulations; (4) the impairment
> prevents the claimant from doing past relevant work; and (5) the impairment prevents
> the claimant from doing any other substantial gainful activity.

*Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). If, at any step, the Commissioner determines that the claimant is or is "not disabled, the inquiry is terminated." *Id.* at 448. The Commissioner must assess the claimant's RFC before proceeding to Steps 4 and 5. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). For Steps 1 through 4, the claimant has the burden to show disability, but the Commissioner has the burden at Step 5 to "show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. If the Commissioner carries that Step 5 burden, "the burden shifts back to the claimant to rebut th[e] finding" that he or she can perform other work that is available in the national economy. *Newton v. Apfel*, 209 F.3d 448,

---

[8]The Act provides an alternate definition of disability for blind individuals who are fifty-five years of age or older. *See* 42 U.S.C. § 423(d)(1)(B). This provision is inapplicable on the current facts.

453 (5th Cir. 2000).

"Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards are applied." *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015) (quoting *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton*, 209 F.3d at 452). "In applying the substantial evidence standard, the court scrutinizes the record to determine whether such evidence is present, but may not reweigh the evidence or substitute its judgment for the Commissioner's." *Perez*, 415 F.3d at 461. The courts neither "try the questions *de novo*" nor substitute their "judgment for the Commissioner's, even if [they] believe the evidence weighs against the Commissioner's decision." *Masterson*, 309 F.3d at 272. The Commissioner resolves conflicts of evidence. *Sun*, 793 F.3d at 508.

## III.    ANALYSIS

This appeal raises the following issues: (1) whether the ALJ properly considered Claimant's Veterans Affairs ("VA") disability rating and individual unemployability determination; (2) whether the ALJ properly considered whether her alleged migraine headaches were medically determinable; and (3) whether the ALJ properly considered and analyzed the migraine headaches at Steps 2, 3, and 5, as well as in the RFC determination and analysis of opinion evidence. *See* Pl.'s Mem. at 5.

### A.  Consideration of Veterans Administrative Decisions

On June 9, 2014, after reviewing VA medical records from March 2000 through May 2014, the Department of Veterans Affairs issued a decision on a November 6, 2013 claim for increased

6

evaluation filed by Claimant – a five-year Air Force veteran. *See* R. 227-29. It determined that Claimant was entitled to individual unemployability effective July 31, 2013, because she was "unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities." R. 227-28. It also continued its evaluation of Claimant's migraine headaches and right wrist impairment[9] "as 50 percent disabling" each. R. 227-29. It assigned "the highest schedular evaluation allowed under the law for [the migraine] condition" based on "[v]ery frequent completely prostrating and prolonged attacks productive of severe economic inadaptability." R. 229. It assigned the 50% disability for the right wrist impairment due to "severe incomplete paralysis of the major extremity," while noting that a 70% evaluation was "not warranted" because the "nerve damage" was not complete. *Id.*

On June 12, 2014, the VA informed Claimant of its decision and stated that it "granted entitlement to the 100% effective rate effective July 31, 2013, because [she was] unable to work due to [her] service connected disabilities." R. 225-26. It explained:

> Your overall or combined rating is 80% from February 13, 2013; however we are paying you at the 100% rate due to your entitlement to individual unemployability beginning on July 31, 2013. We do not add the individual percentages of each condition to determine your combined rating. We use a combined rating table that considers the effect from the most serious to the least serious conditions.

R. 226.

The ALJ made no mention of this VA disability decision (Ex. 13E), although he did cite generally to records from VAMC Big Spring (Exs. 2F (dated January 2012 to June 2014) and 5F (dated December 2012 to August 2014)). *See* R. 36-45. Even though the VA's decision was based

---

[9]The VA described the wrist impairment as "residuals of ligament tear with carpal tunnel syndrome, ulnar neuropathy and dequervains tenosynovitis." R. 229.

in part on migraine headaches, the ALJ found such impairment not medically determinable due to a lack of objective medical evidence that documents the diagnosis. R. 39. As part of the ALJ's recitation of the medical record, he also specifically discusses records completed by Family Nurse Practitioner Eileen Martinez of that VAMC on September 20, 2013, and May 4, 2014. R. 42-43.

"A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam). *Chambliss* is consistent with applicable regulations. Through March 26, 2017, the applicable regulation provided:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

20 C.F.R. § 404.1504.[10] In a policy interpretation ruling that clarifies how it "consider[s] decisions made by other governmental and nongovernmental agencies on the issue of disability or blindness," the Social Security Administration recognizes those regulatory provisions and states:

---

[10]The Social Security Administration significantly amended § 404.1504 effective March 27, 2017. Section 404.1504 now states:

> Other governmental agencies and nongovernmental entities—such as the Department of Veterans Affairs, the Department of Defense, the Department of Labor, the Office of Personnel Management, State agencies, and private insurers— make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules. Therefore, in claims filed (*see* § 404.614) on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim in accordance with § 404.1513(a)(1) through (4).

8

However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules. We will evaluate the opinion evidence from medical sources, as well as "non-medical sources" who have had contact with the individual in their professional capacity, used by other agencies, that are in our case record, in accordance with 20 CFR 404.1527, 416.927, Social Security Rulings 96-2p and 96-5p, and the applicable factors above in the section "Factors for Weighing Opinion Evidence."

Because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies. In addition, because other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency. However, the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

*See* Titles II & XVI: Considering Ops. & Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by other Governmental and Nongovernmental Agencies, SSR 06-03p, 2006 WL 2329939, at *6-7 (S.S.A. Aug. 9, 2006).

Because VA ratings specifically make a finding of disability, they "like a physician's finding, constitute[] evidence 'entitled to great weight.'" *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (quoting *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)). Of course, "the relative weight to be given this type of evidence will vary depending upon the factual circumstances of each case." *Chambliss*, 269 F.3d at 522. Given the differing disability standards used by the VA and SSA,[11]

---

[11]The two standards are set out in 38 C.F.R. § 3.340(a)(1) and 42 U.S.C. § 423(a)(1)(E), (d)(1)(A). *See Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015) (comparing two standards). Furthermore, 38 C.F.R. §§ 4.1 through 4.31 explain VA disability ratings and 20 C.F.R. §§ 404.1501 through 404.1599 describe SSA procedures

"ALJs need not give 'great weight' to a VA disability determination if they adequately explain the valid reasons for not doing so." *Id.* Stated differently, "a VA disability determination is entitled to great weight unless the ALJ adequately explains the valid reasons for not doing so." *Denney v. Colvin*, No. 4:12-CV-565-Y, 2014 WL 169647, at *12 (N.D. Tex. Jan. 15, 2014) (citing *Chambliss*, 269 F.3d at 522). "An ALJ's disagreement with the VA's finding of disability is not reversible error if the record reflects consideration of that finding." *Duke v. Colvin*, No. 5:16-CV-151-DAE, 2016 WL 6651394, at *5 (W.D. Tex. Nov. 10, 2016); *accord Welch v. Barnhart*, 337 F. Supp. 2d 929, 935 (S.D. Tex. 2004). However, when an "ALJ fails to consider the disability rating and explain her reasons for discounting it, she has failed to apply the proper legal standard and commit[s] reversible error." *Rasco v. Berryhill*, No. 4:17-CV-946, 2018 WL 587948, at *4 (S.D. Tex. Jan. 5, 2018) (recommendation of Mag. J.), *adopted by* 2018 WL 560400 (S.D. Tex. Jan. 25, 2018).

The record in this case reflects no consideration of the VA finding of disability. The ALJ stated no reason for not giving great weight to that finding. Under the above-cited case law, this is reversible error.

The Commissioner first suggests that there is no error because opinions that a claimant is unable to work or is disabled are opinions reserved to the Commissioner under the regulations and are thus "never entitled to 'controlling weight.'" Def.'s Br. at 5. The suggestion confuses two distinct issues and ignores the precedent for requiring consideration of the VA disability rating.

The Commissioner next argues that the VA disability rating is not binding in the social security context. *Id.* at 5-6. No one disputes the validity of that legal principle. But that fact does not per-

---

for determining disability. *See Bragg v. Astrue*, No. CIV.A. H-11-3826, 2012 WL 4356847, at *9 (S.D. Tex. Sept. 4, 2012) (recommendation of Mag. J.), *adopted by* 2012 WL 4356844 (S.D. Tex. Sept. 21, 2012).

mit an ALJ to simply disregard VA findings without comment or discussion. Case law clearly holds to the contrary.

The Commissioner then argues that the ALJ did not err when he failed to expressly consider the VA disability rating, because the ALJ (1) thoroughly discussed the medical records concerning the alleged impairments that formed the basis for the VA rating, (2) listed exhibits considered in connection with the decision, (3) presided over a hearing in which the VA rating was discussed, and (4) repeatedly stated that he carefully considered all evidence of record. *Id.* at 6-7. It contends that taking Claimant's position "to its logical conclusion" would mean that " meaningful judicial review is impossible whenever an ALJ declines to explicitly mention a piece of evidence." *Id.* at 7. According to the Commissioner, such standard is contrary to precedent rejecting "rigid rules of articulation." *Id.* (purportedly quoting *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994)).

Discussing medical records about Claimant's impairments that led to the VA disability rating is not an adequate substitute for considering the VA rating and setting forth reasons for discounting it. It is insufficient "for an ALJ to merely consider the evidence upon which a VA disability rating was based; rather, the ALJ must weigh and consider the VA rating itself." *Clark v. Colvin*, No. CIV.A. 13-0111, 2014 WL 122020, at *6 (E.D. La. Jan. 13, 2014) (adopting recommendation of Mag. J.); *accord Bragg v. Astrue*, No. CIV.A. H-11-3826, 2012 WL 4356847, at *9 (S.D. Tex. Sept. 4, 2012) (recommendation of Mag. J.) *adopted by* 2012 WL 4356844 (S.D. Tex. Sept. 21, 2012). As aptly stated by the District of Vermont:

> [T]he VA determination is itself entitled to at least some evidentiary weight in addition to the other record evidence. While it is obviously important that the SSA consider material evidence upon which a VA determination is based, a rule requiring nothing more would permit adjudicators to completely ignore VA determinations—a proposition explicitly rejected by this and every other circuit to consider the issue.

11

*Machia v. Astrue*, 670 F. Supp. 2d 326, 336 (D. Vt. 2009). While the medical record may ultimately provide a basis to discount the VA rating, ALJs should specifically consider the VA rating and state their valid reasons for not giving such rating great weight. Likewise, that the ALJ hearing decision includes a list of exhibits that mentions two groups of VA hospital records (263 pages for Ex. 2F and 153 pages for Ex. 5F), provides no basis to excuse the ALJ's failure to expressly consider the VA disability rating.

For similar reasons, that the VA rating was briefly discussed at the ALJ hearing is insufficient to comply with the requirement to consider the rating and to provide reasons for not according it great weight. At that hearing, Claimant testified that the VA had given her a 100% disability rating based upon her wrist impairment and migraine headaches. R. 61. She confirmed that the rating was from June 2014, but the VA had found her disabled beginning in 2013. R. 62. The brief exchange between counsel and Claimant provides a solid basis to conclude that the ALJ was aware of the VA rating and that Claimant was receiving VA disability benefits. *See Clark*, 2014 WL 122020, at *5. But such awareness "can hardly be said to constitute a thorough and well-reasoned consideration of the VA's disability rating" as required under Fifth Circuit precedent. *See id.*

With respect to the reliance on *Falco*, the Court should first note that the purported quote is found nowhere within *Falco*; it is merely a paraphrase of the principles stated in the case. Second, although *Falco* did find a "rigid approach" utilized in the Third Circuit "unnecessary," it did so at least in part because the Fifth Circuit had "set [its] own strictures that . . . effectively reach the same result." 27 F.3d at 163. Thus, *Falco* stands for the proposition that, while ALJs need "not follow formalistic rules in [their] articulation" of reasons for rejecting subjective complaints, they must follow the rules established by the Fifth Circuit. *See id.* at 163-64. Indeed, the undersigned has often

12

stated in the credibility context: "While given circumstances may require ALJs to state specifically their reasons for finding subjective complaints not credible, they are not required to follow any formalistic rule or language." *See, e.g., Long v. Berryhill*, No. 1:16-CV-0143-BL, 2017 WL 4083638, at *9 (N.D. Tex. Aug. 28, 2017) (recommendation of Mag. J.) *adopted by* 1:16-CV-0143-C, 2017 WL 4083576 (N.D. Tex. Sept. 14, 2017); *Davis v. Berryhill*, No. 4:16-CV-0429-O-BL, 2017 WL 3701689, at *11 (N.D. Tex. Aug. 10, 2017) (recommendation of Mag. J.) *accepted by* 2017 WL 3674856 (N.D. Tex. Aug. 25, 2017). Of course, the same principle applies to stating reasons for rejecting specific evidence when social security law or regulations require such a statement. The Commissioner's reliance on *Falco* is misplaced because ALJs are mandated by regulation to consider all evidence and the Fifth Circuit clearly requires ALJs to adequately explain their valid reasons for not giving great weight to a VA disability determination. *See Chambliss*, 269 F.3d at 522.

The Commissioner argues that the ALJ's consideration of the issues in this case "is not dissimilar from the ALJ analysis upheld by the court in the *Chambliss* case." Def.'s Br. at 7. She premises that argument on the following:

> In *Chambliss*, the court found the ALJ had properly addressed the claimant's VA rating, noting "although not entirely clear from the ALJ's decision, the ALJ apparently found that the VA disability determination and the treating physician's opinion that Chambliss could not work were 'conclusory' in nature because they did not adequately explain why Chambliss could not engage in light work activity."

*See id.* While the Commissioner accurately quotes *Chambliss*, she takes the quote out of context and completely mischaracterizes this case as similar to *Chambliss*. The mischaracterization is obvious by viewing the quoted language in context:

> In the case at bar, the ALJ considered the VA's determination that Chambliss was permanently and totally disabled, but gave it diminished weight. However, the ALJ provided specific reasons for giving the VA determination diminished weight. First,

13

the ALJ noted that the VA disability determination was made only a year after
Chambliss' heart surgery. Second although not entirely clear from the ALJ's deci-
sion, the ALJ apparently found that the VA disability determination and the treating
physician's opinion that Chambliss could not work were "conclusory" in nature
because they did not adequately explain why Chambliss could not engage in light
work activity. . . . Because the ALJ considered the VA disability determination and
set forth valid reasons for giving the determination diminished weight, we cannot say
that the ALJ erred simply because it did not give "great weight" to the VA disability
determination.

*Chambliss*, 269 F.3d at 522-23.

In this case, the ALJ gave no specific reasons for giving diminished weight to the VA

disability determination and there is no indication that the ALJ even considered the that determina-

tion other than general statements that he considered all the evidence and the entire record. Such

general statements are insufficient in this case. Relying on *Brunson v. Astrue*, 387 F. App'x 459 (5th

Cir. 2010) (per curiam), the Commissioner argues that such "express statements are not generic,

meaningless statements, but rather are statements that courts should consider as true statements of

the ALJ's actions." Def.'s Br. at 7. While the Court should agree that such statements are not neces-

sarily meaningless, the Commissioner interprets *Brunson* too broadly. Although the Commissioner

does not seem to recognize it, *Brunson* clearly recognizes that reasons or evidence may provide a

legitimate basis to dispute such assertions. *See* 387 F. App'x at 461. The truth of such generic state-

ments is thus dependent on the circumstances of each particular case. The circumstances of a case

may render meaningless a generic statement by the ALJ that he or she considered all the evidence

or the entire record. Sometimes the record simply belies the generic statements that appear to be

asserted within every ALJ decision. An ALJ's generic statement that he considered the entire record

is not a satisfactory replacement for specific discussion and consideration of evidence that an ALJ

must consider and state reasons for discounting.

14

Finally, the Commissioner argues that the ALJ's failure to mention the disability rating is no more than harmless error. Def.'s Br. at 7-8. However, "the failure of the ALJ to consider the VA's disability determination is the type of legal error that is not subject to the harmless error analysis as the Court cannot try issues de novo, reweigh the evidence, nor substitute its findings for those of the Commissioner." *Arebalo ex rel. Arebalo v. Astrue*, No. 4:09-CV-496-A, 2010 WL 6571087, at *4 (N.D. Tex. Oct. 7, 2010) (recommendation of Mag. J.) *adopted by* 2011 WL 1633137 (N.D. Tex. Apr. 29, 2011).

The ALJ's failure to consider the VA disability rating and state reasons for not according it great weight constitutes a failure to apply the proper legal standard and is reversible error. Accordingly, the Court should reverse the ALJ's decision and remand the case for further consideration consistent with this recommendation.

Furthermore, even if the harmless error analysis applied, "[r]emand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Ware v. Colvin*, No. 11-CV-1133-P, 2013 WL 3829472, at *4 (N.D. Tex. July 24, 2013) (citing *January v. Astrue*, 400 F. App'x. 929, 933 (5th Cir. 2010) (per curiam)). This standard is materially the same as the standard used in *Latham v. Shalala*, 36 F.3d 482 (5th Cir. 1994). *See Pennington v. Comm'r of Soc. Sec. Admin.*, No. 3:16-CV-230, 2017 WL 4351756, at *2 (S.D. Tex. Sept. 29, 2017) (discussing both standards in the context of harmless error). In *Latham*, the Fifth Circuit found "a reasonable possibility that the VA rating would have changed the [Commissioner's] determination" and thus found the rating material and warranted a remand. 36 F.3d at 483. The VA rating in this case is material to the Commissioner's decision and the failure to consider it is not harmless error.

15

## B. Other Issues

Claimant also urges the Court to reverse the Commissioner's decision because the ALJ improperly considered and analyzed Claimant's alleged migraine headaches.  In light of the reversible error by the ALJ, there is no need to address the other errors alleged by Claimant.  However, on remand, the ALJ should consider the ramifications of SSA National Q&A 09-036 (posted Dec. 15, 2009) on his consideration of Claimant's alleged migraine headaches.  Claimant provides a copy with her brief.  *See* Ex. A to Pl.'s Mem.  "Because the Commissioner does not contend or argue that Q&A 09-036 is inactive, the Court may utilize it in determining the current appeal."  *See Mesecher v. Berryhill*, No. 4:15-CV-0859-BL, 2017 WL 998373, at *5 (N.D. Tex. Mar. 15, 2017).  As set out in *Mesecher*, Q&A 09-036 provides pertinent guidance with respect to migraine headaches.  *See id.* at *4-5.  Q&A 09-036 appears particularly pertinent to this case given the VA disability rating based in part on migraine headaches and the ALJ's decision to find the alleged migraine headaches not medically determinable based on a lack of objective medical evidence.

Depending on the ALJ's consideration of the VA disability rating and Q&A 09-036, he may change his views with respect to whether Claimant's alleged migraine headaches were medically determinable and such a changed view could impact the ALJ's consideration and analysis of the migraine headaches at Steps 2, 3, and 5, in addition to the RFC determination and analysis of opinion evidence.  Furthermore, the Appeals Council accepted additional medical records from VAMC Big Spring.  On remand, the ALJ should review the additional records to determine whether they support his conclusions.

## IV.   CONCLUSION

For the reasons set forth in this Report and Recommendation, the Court should find that the

Commissioner erred when the ALJ failed to consider the VA disability rating. The undersigned thus **RECOMMENDS** that the district court **REVERSE** the Commissioner's decision to deny benefits and **REMAND** this case for further consideration consistent with this recommendation. Because the parties have not consented to proceed before a United States Magistrate Judge, the undersigned directs the Clerk of Court to **REASSIGN** this case to Senior District Judge Sam R. Cummings in accordance with normal procedures.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED this** *16th* **day of February, 2018.**

**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**

17